## State of Connecticut *v.* Anonymous (1977–1)[*]

### Appellate Session of the Superior Court

David M. Shea, J.   After a trial without a jury the defendant was found guilty of working on Sunday in violation of General Statutes § 53-300.[1]

---

[*] Thus entitled, in view of General Statutes § 54-90.

Reporter of Judicial Decisions

[1] "[General Statutes] Sec. 53-300.   WORK AND RECREATION ON SUNDAY.   Any person who does, or requires an employee to do, any secular business or labor, except works of necessity or mercy, or, unless required by necessity or mercy, keeps open any shop, warehouse or manufacturing or mechanical establishment, or sells or exposes for sale any goods, wares or merchandise, or, except as hereinafter provided, engages in any sport, between the hours of twelve o'clock Saturday night and twelve o'clock Sunday night next following, shall be fined not more than fifty dollars.   The provisions of this section shall not prohibit the making of emergency repairs to motor vehicles, motorcycles, motorboats and aircraft, including the furnishing of any labor or the sale of gasoline necessary to permit the same to proceed under their own power, nor the towing

He has appealed on several grounds, claiming, among other things, that § 53-300 in conjunction with General Statutes § 53-303, which exempts from the prohibition of work on Sunday any person "who conscientiously believes that the seventh day of the

or washing of any such motor vehicles, motorcycles, motorboats or aircraft, nor the operation, lading or unlading of vessels engaged in interstate or foreign commerce, nor prohibit the use by the public of coin-operated laundries or coin-operated dry cleaners nor prohibit the production or distribution of any newspaper or regularly published magazine nor prohibit the operation of any licensed commercial kennel or pet shop. The provisions of this section shall not affect the issue or service of any criminal complaint or any proceedings thereon, nor the issue or service of complaints for injunctions and orders thereon, nor the issue or service of any other civil process, except between sunrise and sunset on Sunday. The foregoing provisions of this section shall not apply to any amateur ball game or other outdoor game or sport by or between amateurs on Sunday; provided no admission fee shall be charged and the same shall be so conducted as not to interfere with public worship or disturb the reasonable comfort, quiet and peace of any person. The park commissioners or park committee of any town, city or borough are authorized to permit free concerts of music to be given, and amateur athletic sports to be engaged in, on Sunday, at stated places, in one or more of the public parks belonging to such town, city or borough, subject to such rules as the respective committee or commissioners may adopt for the purpose of securing order and quiet conduct on the part of all who engage in such music or sports and also of all persons in attendance; provided only places shall be so designated where such music can be given or sport engaged in without disturbing the reasonable comfort, quiet and peace of any other person, and provided no game or sport shall be permitted in any tournament or for any admission fee or prize. Any person who is present at any concert of music, dancing or other public diversion on Sunday or on the evening thereof, except as permitted by law, shall be fined not more than four dollars. The provisions of this section shall not affect the provisions of sections 7-164 to 7-168, inclusive, 27-35, 53-302 and 53-303. Any prosecution for the violation of any of the provisions of this section shall be brought within one month after the commission of the offense. The sale of dairy products, fresh eggs, fresh agricultural products, horticultural products, bakery products, fruit, ice, ice cream, confectionery, nonalcoholic beverages, tobacco in any form, smokers' supplies, antiques, newspapers and other periodicals, medical supplies or supplies and repair parts for motor vehicles, motorcycles, motorboats and aircraft, by retail dealers whose places of business are open for the sale thereof on secular days, shall not be a violation of the provisions of this section."

week ought to be observed as the Sabbath," deprives him of his constitutional right to equal protection of the laws. In the exercise of judicial restraint we do not reach that constitutional issue because the appeal may be disposed of on other grounds.

In response to a motion by the defendant, a bill of particulars was filed specifying that the portion of § 53-300 which he was charged with violating was "sale of goods, ware [sic] merchandise on Sunday." The finding states that on a Sunday a customer bought a stereo interconnecting cord for five dollars from a clerk at a store where the defendant was manager and in charge of operations. He was also the president and treasurer of a company which was a holding corporation for the store and was engaged in selling stereo equipment at wholesale in the same premises as the store.

The trial court concluded that the defendant had required an employee to sell goods, wares, or merchandise on Sunday and that he also had exposed such items for sale in violation of the provisions of § 53-300 which prohibited those acts. It was expressly found, however, that the defendant did not make the sale of the stereo interconnecting cord. He was not found guilty, therefore, of selling any goods, wares, or merchandise on Sunday as charged in the information amended by the bill of particulars.

Since the state, in response to the defendant's motion for a bill of particulars, had specified a violation only of the portion of the statute prohibiting the *sale* of goods on Sunday, it restricted itself to proof of a violation of that provision alone. *State* v. *DiLorenzo*, 138 Conn. 281, 284–85; *State* v. *Scott*, 80 Conn. 317, 321. "Nothing is more elementary in criminal law than that an accused is required to defend only against the charge alleged." *State* v.

*Genova,* 141 Conn. 565, 572 (*O'Sullivan, J.,* dissenting). The right of a person under the sixth amendment of the federal constitution to be informed of the nature and cause of the accusation against him would be infringed if an accused could be found guilty of an offense materially different from that charged in the information. 3 Wharton's Criminal Procedure (12th Ed.) § 504.

Practice Book § 525 provides that no variance between the allegations of an information or bill of particulars and the evidence offered in support thereof shall be grounds for acquittal of the accused. It further provides that the court may at any time order that the information or bill of particulars be amended to conform to the evidence. Practice Book § 526 provides for a postponement of the trial if the court is of the opinion that the accused has been prejudiced by any such variance. Section 527 of the Practice Book states that no appeal based on such a variance shall be sustained unless it is affirmatively shown that the accused was in fact prejudiced in his defense upon the merits.

At the trial the defendant objected to evidence offered to show his relationship to the clerk who made the sale. He objected on the ground that the bill of particulars limited the state to proof of a sale made by the defendant personally. The state offered to amend the bill of particulars if necessary. The trial court, however, concluded that the defendant was not prejudiced by the discrepancy even though the defendant stated that he had not come to defend upon any portion of the statute other than that referred to in the bill of particulars. No one suggested that the trial be postponed. The defendant's objection was overruled.

Unlike a number of cases where a claim of variance was first made on appeal, the defendant here

made a timely objection to the evidence offered at trial. See *State* v. *Rafanello,* 151 Conn. 453, 456–57; *State* v. *Mola,* 128 Conn. 407, 410. It is apparent that this defendant could not have been found guilty on the evidence presented of violating the portion of the statute charged in the bill of particulars. Although the trial court found no prejudice, the defendant was harmed by being found guilty of violating portions of the statute against which he had no reason to prepare a defense. Under all the circumstances we conclude that the trial court should have ordered an amendment of the bill of particulars, and that it should have postponed the trial for a reasonable time unless the defendant expressly waived such a postponement.

The conclusion of fatal variance which we have reached would ordinarily warrant only a remand for a new trial. Practice Book § 525. In considering the remaining assignments of error we have also concluded that neither the subordinate facts nor the evidence support the finding of a violation of the other portions of the statute. The conclusion of the trial court that the defendant required an employee to sell merchandise on Sunday cannot be sustained. There is no evidence that the defendant directed the clerk to make the sale in question or that he was aware of the sale until the purchaser later returned to the store with a police officer in order to arrest the clerk. Testimony that the defendant then came over, stated that he was in charge of the store, and indicated that he would "take the weight" for the incident is not sufficient to support an inference that he "required" the clerk to make the sale. Furthermore, there is no evidence of the nature of the merchandise sold in the store other than the name of the store and the item involved in the sale. Since it does not appear whether any merchandise permitted to be sold on

Sunday under the statute, such as newspapers and other periodicals, may also have been carried by the store, we cannot assume that the defendant had authorized the sale of the item involved from the fact that he was the manager and had a clerk in attendance to conduct business. The state had the burden of proving the statutory exception was not applicable and it failed to do so.

Also, it is abundantly clear that the clerk was not an "employee" of the defendant, as the statutory provision would seem to require, but of the store. There is evidence that the defendant was in charge of the store and that he was also an officer of a corporation which was the holding company for the store, although the precise nature of the relationship between these entities was undisclosed. The subordinate facts found, as well as the evidence, are insufficient to support the conclusion that the defendant was a person who required an "employee" to perform the prohibited act involved.

The conclusion that the defendant "did expose for sale" merchandise in violation of the pertinent portion of the statute is also unsupported by the evidence. The complainant testified that he "browsed" around the store and finally purchased a small stereo interconnecting cord. There is no evidence of whether that item or any others were displayed for sale or where the item was situated when the complainant selected it.

We conclude that there is insufficient evidence to support the finding of a violation of any of the portions of § 53-300 upon which the trial court relied. Consequently, we remand the case with direction to render judgment of acquittal.

In this opinion PARSKEY and SPONZO, Js., concurred.